**Jeffrey C. HARTMAN, Plaintiff—Appellant,**

v.

**COMMISSIONER OF the SOCIAL SECURITY ADMINISTRATION, Defendant—Appellee.**

No. 06–35803.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 26, 2008.*

Filed Aug. 29, 2008.

Alan Stuart Graf, Esq., Summertown, TN, for Plaintiff–Appellant.

Neil J. Evans, Esq., USPO—Office of the U.S. Attorney Mark O. Hatfield U.S. Courthouse, Portland, OR, Leisa A. Wolf, Esq., SSA—Social Security Administration Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: T.G. NELSON, HAWKINS, and BYBEE, Circuit Judges.

MEMORANDUM **

Jeffrey C. Hartman appeals the district court's order upholding the Commissioner of Social Security's decision denying his application for Supplemental Security Income benefits under Title XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand for further proceedings.

The hypothetical posed to the Vocational Expert ("VE") was legally inadequate. The Administrative Law Judge ("ALJ") found that Hartman's ability to work is limited by a number of conditions, including a disorder of written expression, and

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

that those conditions in combination are severe. The ALJ was therefore required to, but did not, include in the hypothetical posed to the VE the limitation of a disorder of written expression. *See Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 886 (9th Cir.2006) (holding that hypothetical to a VE based on an incomplete set of limitations is legally inadequate and the VE's responses have no evidentiary value).

The ALJ was not, however, required to include in the hypothetical a limitation relating to Hartman's personal hygiene because body habitus is not a factor in assessing residual functional capacity ("RFC"). *See* SSR 96–8p ("Age and body habitus are not factors in assessing RFC.").

Substantial evidence does not support the ALJ's failure to include in the hypothetical a need for close supervision and inclusion, instead, of a need for limited supervisory contact. The ALJ discussed the environment in which Hartman worked while employed, and found that an individual with Hartman's limitations would be expected to have difficulties working in that type of environment. The ALJ did not, however, discuss whether the need for close supervision expressed by the former employer was due to the particular work environment and would not be present in an appropriate work environment; nor did the ALJ otherwise provide any basis for not including a close supervision limitation. *See Robbins,* 466 F.3d at 886 ("[A]n ALJ is not free to disregard properly supported limitations."); 20 C.F.R. § 404.1513(d)(4) ("In addition to evidence from the acceptable medical sources ... we may also use evidence from other sources to show the severity of your impairment(s) and how it affects your ability to work. Other sources include, but are not limited to ...

[o]ther non-medical sources....").   Moreover, the need of limited contact with the public is not inconsistent with the need for close supervision.

The reasons stated by the ALJ for discrediting Dr. Neilsen's opinion and Dr. Bryan's opinion are legitimate, specific, and supported by substantial evidence in the record. *See Lester v. Chater,* 81 F.3d 821, 830–31 (9th Cir.1995) (holding that the ALJ must make findings setting forth specific, legitimate reasons for rejecting the treating physician's opinion). We have considered and reject as without merit the remaining arguments raised by Hartman.

We reverse and remand with instructions to remand to the Commissioner for further administrative proceedings consistent with this memorandum disposition.

**REVERSED AND REMANDED.**